ANOUSH HAKIMI (State Bar No. 228858)
anoush@handslawgroup.com
PETER SHAHRIARI (State Bar No. 237074)
peter@handslawgroup.com
ANI AVETISYAN (State Bar. No. 266679)
ani@handslawgroup.com
LAURA STEVEN (State Bar. No. 332168)
laura@handslawgroup.com

**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028

Telephone: (888) 635 - 2250
Facsimile: (213) 402 - 2170

Attorneys for Plaintiff,
**PHILLIP WALKER**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Phillip Walker, | Case No.: |
|      Plaintiff, | |
| v. | **COMPLAINT FOR VIOLATIONS OF: AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.*; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*** |
| Inglewood Center, an entity of unknown form; and Does 1-10, | |
|      Defendants. | |
| | DEMAND FOR JURY TRIAL |

**Most Americans, especially <u>Seniors,</u> become disabled at some point in life…**

COMPLAINT

Plaintiff Phillip Walker (hereinafter referred to as "Plaintiff,") complains of Inglewood Center, an entity of unknown form; and Does 1-10 (each, individually a "Defendant," and collectively "Defendants"), and alleges as follows:

## I.    PARTIES

1.    Phillip Walker is a senior citizen who has trouble walking. Advanced arthritis in his right hip has impaired his walking and standing ability. He uses a seat cane. Advanced arthritis in his right hip has impaired his walking and standing ability. He also has difficulty moving his upper torso and lower body in concert. Plaintiff is qualified as being disabled pursuant to 42 USC Section 12102(2)(A), the California Unruh Civil Rights Act, Sections 51, et seq. and 52, et seq., and other statutory laws which protect the rights of "disabled persons". Plaintiff is a California resident with physical disabilities. Plaintiff has been issued a blue permanent disability Disabled Person Parking Placard by the State of California.

2.    Defendant Inglewood Center, an entity of unknown form owned the property ("Property") located at 310 E Florence Avenue, Inglewood, CA 90301, at all relevant times.

3.    There is a business establishment on the Property known as "Antojitos Martin" hereinafter "business").

4.    DOES 1 through 10 were at all relevant times lessors, lessees, property owners, subsidiaries, parent companies, employers, employees, agents, corporate officers, managers, principles and/or representatives of Defendants. Plaintiff is unaware of the true names and capacities of Defendants sued herein, as DOES 1

through 10, inclusive, and therefore, sues those Defendants by fictitious names. Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.

5.    Plaintiff alleges that Defendants at all times have been and are relevant to this cause of action, the owners, franchisees, lessees, general partners, limited partners, agents, employees, employers, represent partners, subsidiaries, partner companies, and/or joint ventures of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes and alleges that each of the Defendants gave consent to, ratified, and/or authorized the acts alleged of each of the remaining defendants.

6.    Plaintiff visited the public accommodations owned and operated by Defendants with the intent to purchase and/or use the goods, services, facilities, privileges, advantages, or accommodations operated and/or owned by Defendants.

## II.    JURISDICTION & VENUE

7.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (the "ADA").

8.    Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the ADA.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

### III.   FACTS

10.     The Property owned by Defendants is a facility which is open to the public and is a business establishment.

11.     Plaintiff alleges that the Property has been newly constructed and/or underwent remodeling, repairs, or alterations since 1992, and that Defendants have failed to comply with California access standards which applied at the time of each new construction and/or alteration or failed to maintain accessible features in operable working condition.

12.     Plaintiff visited the Property during the relevant statutory period on three (3) separate occasions, in October 2019, August 2020 and September 2020 to patronize the business.

13.     Defendants did not offer persons with disabilities with equivalent facilities, privileges and advantages offered by Defendants to other patrons.

14.     Plaintiff encountered barriers (both physical and intangible) that interfered with – and denied – Plaintiff the ability to use and enjoy the goods, services, privileges, and accommodations offered at the Property.

15.     Parking for patrons visiting the Property are among the facilities, privileges, and advantages offered by Defendants to patrons of the Property.

16.     However, there is no accessible parking for disabled patrons. Not one single space. The parking space designated for disabled persons does not comply with the Americans with Disabilities Act ("ADA").

17.     The parking area does not comply with the latest California Building Codes ("2010 CBC").

18.     Parking is one of the facilities, privileges, and advantages offered by Defendants to patrons of the Property.

19.     When Plaintiff visited the Property, Plaintiff experienced access barriers related to parking, signage, restrooms, and paths of travel. Plaintiff encountered the following barriers at Defendant's Property:

**VIOLATION of 2010 California Building Code (CBC) § 1114B.1.2; 1991 ADA Standards for Accessible Design (ADAS) § 4.3.2(1).** (Exterior route of travel.) An accessible route of travel is not provided to all entrances and portions of the building, entrances and/or between the building and a public way.

**VIOLATION of 2010 CBC § 1127B.1.**  (No accessible exterior route.) There was no accessible path of travel into the building entrances.  There is no safe way for Plaintiff to travel from the parking area to the entrance of the Property.

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VIOLATION of 2010 CBC § 1127B.1; 1991 ADAS § 4.6.2(1).**

(Directional signage.)  There is no directional signage showing an accessible path of travel.

**VIOLATION of 2010 CBC § 1129B.4.** (Off-street unauthorized parking sign – towed vehicle information.) The unauthorized parking towed vehicle sign must state information regarding the tow company and telephone number. **Although towed vehicle information is provided, it is obscured by a bolt which makes it difficult to read.**

**VIOLATION of 2010 ADAS 403.3.** (Path of travel- cross slope.) The cross slope of the accessible path of travel is greater than two (2) percent.

**VIOLATION of 2010 CBC § 1129B.3; 1991 ADAS § 4.6.3; 2010 ADAS § 502.2.** (Faded paint – accessible space lines.) The paint used for the designated accessible parking space is so worn and aged that it cannot be seen. This makes it unclear where the actual parking space is. The required width dimensions are not painted as required. This makes it difficult for Plaintiff to park in the designated space.

COMPLAINT

**VIOLATION of 2010 CBC § 1129B.3; 2010 ADAS § 502.2.** (Width of space). The parking space designated for disabled persons measures less than nine (9) feet wide. This makes it difficult for Plaintiff to park in the designated space.

**VIOLATION of 2010 CBC § 1129B.3; 2010 ADAS § 502.2.** (Length of space.) The designated disabled parking space measures less than eighteen (18) feet long, which makes it difficult for Plaintiff to park in the designated space.

**VIOLATION of 2010 CBC § 1133B.7.1; 1991 ADAS § 4.6.8.** (Abrupt changes in level.) The path of travel from the space reserved for disabled patrons has an uneven ground surface with changes in level exceeding one-half inch.

**VIOLATION of 2010 CBC § 1129B.3.4; 1991 ADAS § 4.6.3; 2010 ADAS § 502.4.** (Slope of parking space.) The parking space reserved for disabled patrons has surface slopes in it that are greater than 2%.

**VIOLATION of 2010 CBC § 1129B.3.4; 1991 ADAS § 4.6.3; 2010 ADAS § 502.4.** (Slope of adjacent access aisle.) The adjacent loading/unloading

access aisle for the space reserved for disabled persons has surface slopes in it that are greater than 2%.

**VIOLATION of 1991 CA Title 24 § 1129B.4.2; 2010 CBC § 1129B.3; 2010 ADAS § 4.6.3.** (Length of adjacent access aisle.) The adjacent access aisle to the designated disabled parking space is less than 18 feet long. This makes it difficult for Plaintiff to use the adjacent space to safely disembark from the car.

**VIOLATION of 1991 CA Title 24 § 1129B.4.2; 2010 CBC § 1129B.3; 2010 ADAS § 4.6.3.** (Width of adjacent access aisle.) The adjacent loading/unloading access aisle to the designated disabled parking space is less than five (5) feet wide.  This makes it difficult for Plaintiff to use the adjacent space to safely disembark from the car.

**VIOLATION of 2010 CBC § 1129B.3.1; 1991 ADAS § 4.6.3; 2010 ADAS § 502.3.** (No loading/unloading access aisle.) The adjacent loading/unloading access aisle for the accessible parking space is *missing entirely*.  This makes it difficult for Plaintiff to use the adjacent space to safely disembark from the car.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VIOLATION of 2010 CBC § 1129B.4.** (Surface signage.) The paint used for the designated accessible parking spaces is faded and cannot be seen. There is no compliant surface signage at the designated disabled parking space. The International Access Symbol is so faded and worn that it cannot be read. The street surface (pavement) signage is unreadable because the paint has faded.

**VIOLATION of 2010 CBC § 1129B.3.1.** ("NO PARKING" – ground surface sign.) The words "NO PARKING" are fading from the adjacent loading/unloading access aisles.  As a result, non-disabled patrons park in the loading/unloading access aisles, blocking Plaintiff from being able to use the access aisles.  Cars and trucks park or block the access aisles because the paint is faded and difficult to read.

**VIOLATION 2010 CBC § 1129B.4; 1991 ADAS § 4.6.4; 2010 ADAS § 502.6.** (Sign missing – accessible parking space.) The sign identifying the designated disabled accessible parking space is missing entirely.

**VIOLATION 2010 CBC § 1129B.4.** (Sign missing – $250 fine.) The sign

warning of the minimum $250 fine for unauthorized parking in the designated disabled accessible parking space is missing entirely.

**VIOLATION of 2010 ADAS § 502.3.** (Access aisles.) The adjacent loading/unloading access aisle must adjoin an accessible route to an accessible entrance. It does not.

**VIOLATION of 2010 CBC § 1133B.7.4; 2010 ADAS § 303.3.** (Changes in level of ground surface.) Within the *only* parking space reserved for disabled patrons, the asphalt is uneven, with depressions, dips, divots, and uneven ground. There are sunken parts. There are cracked parts. This makes travelling in this area difficult.

**VIOLATION of 2010 CBC § 1133B.7.4; 2010 ADAS § 303.3.** (Path from parking – uneven surface.) The path of travel from the designated disabled parking spaces to the entrance has damaged ground which is uneven.  The damaged ground has pavement distresses.  Parts of the ground surface are not flush.  The surface of the ground within the designated path of travel leading into the entrance is not flat.  This makes traveling in this area difficult.  The path of travel from the designated disabled parking spaces to the entrance

runs into these pavement distresses which have caused changes in level greater than one-half inch, but no ramp is provided.  These steep changes in level create uneven surfaces. The types of pavement distresses which exist include but are not limited to: alligator (fatigue) cracking, joint reflection cracking, potholes, asphalt bleeding, patching near utilities, block cracking, raveling, stripping , corrugation and shoving, and depressions. These pavement distresses are made worse and exacerbated by designs which do not follow the ADAAG. These areas should be fixed immediately because they are also a tripping and falling hazard.

**VIOLATION of 2010 CBC §§ 1120B.2, 1133B.7.4; 2010 ADAS §§ 302.1, 303.3.**  (Path from parking – uneven surface.)  The path of travel from the designated disabled parking space to the entrance has damaged ground that is uneven.  The damaged ground is uneven with loose material.  There are cracks and uneven surfaces on the surface of the ground within the designated path of travel leading into the entrance.  This makes traveling in this area difficult.  The path of travel from the designated disabled parking space to the entrance runs into cracks and changes in level greater than one-half inch, but no ramps are provided.  These steep changes in level create uneven surfaces.

**VIOLATION of 2010 CBC § 1129B.3.1; 2010 ADAS § 502.6; ADAS § 4.6.3.** (Marked path of travel.)  There is no marked path of travel from the disabled parking space to the entrance. There is no safe way for Plaintiff to park there and then travel to the entrance of the Property.

**VIOLATION of 2010 CBC § 1133B.7.1.** (Walks/sidewalks minimum width.)  The walkway leading into the business does not have a minimum width of forty-eight (48) inches.

**VIOLATION of 2010 CBC § 1133B.7.1; 1991 ADAS § 4.3.8.** (Walks/ sidewalks – changes in level.) The walkway leading into the business does not have a continuous common surface because there are abrupt changes in level of more than one-half inch.

**VIOLATION of 2010 CBC § 1133B.5.1; 1991 ADAS § 4.8.1.** (Ramps.) The accessible route of travel has a slope greater than 1:20 (5%) but is not a compliant ramp.

**VIOLATION of 2010 CBC § 1133B.5.3.1; 1991 ADAS § 4.8.6.** (Maximum cross slope of ramp.) The cross slope of the ramp was greater than 2%.

**VIOLATION of 2010 CBC § 1133B.5.4; 1991 ADAS § 4.8.4.** (Level ramp landings.) Level ramp landings must be provided at the top and bottom of each ramp. They are not provided.

**VIOLATION of 2010 CBC § 1133B.5.4; 1991 ADAS § 4.8.4(1).** (Width of ramp landings.) The landing of ramps must be at least as wide as the ramp run leading to it, but they are not.

**VIOLATION of 2010 CBC § 1133B.5.4.2; 1991 ADAS §§ 4.8.4(2), 4.8.4(3).** (Minimum landing width and length for top ramp landings.) The ramp's top landing is not sixty inches (60") wide and long as required.

**VIOLATION of 2010 CBC § 1133B.5.4.2.** (Minimum landing length for bottom ramp landings.)  The ramp's bottom landing is not seventy-two inches (72") in length as required.

**VIOLATION of 2010 CBC § 1133B.5.4.6; 1991 ADAS § 4.8.4(3).** (Minimum landing size for change of direction in ramp.)  The change of direction in the ramp does not have a minimum landing size of 60" x 60".

**VIOLATION of 2010 CBC § 1127B.5.7; 1991 ADAS § 4.7.7.** (Detectable

13
COMPLAINT

warnings - curb ramp.) Detectable warnings extending the full width and depth of the ramp <u>are not installed</u> where curb ramps lead to an accessible route.

**VIOLATION of 2010 ADAS § 302.2.** (Carpet.) Carpets and mats must be securely attached to a stable surface. Carpeting must be securely attached so that it does not shift or buckle against wheeled traffic. The carpet and/or mat inside the business is not secure and can cause rolling and buckling. Rolling or buckling occurs when carpet is not properly secured and makes wheelchair maneuvering very difficult. It also creates a tripping hazard for those using walkers and canes.

**VIOLATION of 2010 CBC § 1133B.7.4; 2010 ADAS § 303.3.** (<u>Front door entrance threshold and weather strip changes in level.</u>) Inside the building, the front door entrance threshold and weather strip has changes in level greater than one-half inch but provides no ramps. This makes traversing this area difficult.

**VIOLATION of 2010 CBC § 1115B.8.4; 1991 ADAS § 4.16.6; 2010 ADAS § 604.7.** (Toilet paper dispenser.) The toilet tissue dispenser is mounted more than twelve (12) inches from the front edge of the toilet seat,

making it hard for Plaintiff to use the toilet.

**VIOLATION of 2010 CBC § 1115B.6.** <u>(Sanitary facilities – door signage.)</u>
The sanitary facilities are missing door signage indicating an accessible
facility.

**VIOLATION of 2010 CBC § 1115B.4.1.3.3.2.** <u>(Toilet - rear grab bar
extension from centerline.)</u> The toilet rear grab bar extending at least twelve
(12) inches on one side and twenty-four (24) inches on the other side from
the centerline is not provided.

**VIOLATION of 2010 CBC § 1115B.4.1.3.3.2.** <u>(Toilet rear grab bar.)</u> The
grab bar on the wall behind the toilet, which is required to be at least thirty-
six (36) inches long, is not provided.

**VIOLATION of 2010 CBC § 1115B.4.1.3.3.2.** <u>(Toilet - rear grab bar
height.)</u> The toilet rear grab bar centered thirty-three inches (33") above and
parallel to the to the floor is not provided.

**VIOLATION of 2010 CBC § 1115B.4.1.3.3.** <u>(Toilet - side grab bar.)</u> The
toilet side grab bar, that is required to be at least forty-two (42) inches long,

is not provided.

**VIOLATION of 2010 CBC § 1115B.4.1.3(3.1).** (Toilet side grab bar - height.) The toilet side wall grab bar attached thirty-three (33) inches above and parallel to the floor is not provided.

**VIOLATION of 2010 CBC § 1115B.4.1.3.3.1.** (Toilet side grab bar – distance from rear wall.)  The grab bar on the wall to the side of (next to) the toilet shall be attached no more than twelve (12) inches from the rear wall, and shall extend a minimum of fifty-four (54) inches from the rear wall, with the front end position a minimum of twenty-four (24) inches in front of the water closet.

**VIOLATION of 2010 CBC § 1117B.5.7; 1991 ADAS § 4.30.6; 2010 ADAS § 703.4.** (Sanitary facilities – wall signage.) There is no signage on the wall approaching the restrooms.

Plaintiff personally encountered the foregoing barriers.

20.     These inaccessible conditions denied Plaintiff full and equal access and caused difficulty, humiliation, and/or frustration.

21.     The barriers existed during each of Plaintiff's visits in 2019 and 2020.

22.     Plaintiff alleges that Defendants knew that the foregoing architectural barriers prevented access. Plaintiff will prove that Defendants had actual knowledge that the architectural barriers prevented access, and that the noncompliance with the ADA Accessibility Guidelines and Title 24 of the California Building Code was intentional.

23.     Plaintiff intends visit the Property again soon. Currently, Plaintiff is reasonably deterred from returning to Defendants' public accommodation facilities because of the knowledge of barriers to equal access, relating to Plaintiff's disabilities, that continue to exist at the Property.

24.     Defendants have failed to maintain in working and useable conditions those features necessary to provide ready access to persons with disabilities.

25.     Defendants have the financial resources to remove these barriers without much expense or difficulty in order to make their Property more accessible to their mobility impaired customers. The removal of these barriers is readily achievable. The United States Department of Justice has determined that removal of these types of barriers is readily achievable to remove.

26.     Defendants refuse to remove these barriers.

27.     On information and belief, Plaintiff alleges that Defendants' failure to remove these barriers was intentional, because the barriers are logical and obvious. During all relevant times, Defendants had authority, control, and dominion over these conditions; thus, the absence of accessible facilities was not a mishap, but

rather an intentional act.

28.     These barriers to access are described herein without prejudice to Plaintiff citing additional barriers to access after further inspection by Plaintiff's access agents, pursuant to *Doran v 7-ELEVEN, Inc.,* 524 F3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, a plaintiff can sue to have all barriers that relate to his or her disability removed, regardless of whether he or she personally encountered them).

## IV. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. section 12101, *et seq.*)

### (Against All Defendants)

29.     Plaintiff alleges and incorporates by reference each and every allegation contained in all prior paragraphs of this complaint.

30.     Title III of the ADA prohibits discrimination against any person on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or operates a place of public accommodation. U.S.C. § 12182(a).

31.     Defendants discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges, or accommodations of Defendant's facility during each visit and each incident of deterred visit.

32.     The acts and omissions of Defendants herein were/are in violation of

Plaintiff's rights under the ADA and the regulations under 28 C.F.R. Part 36, *et seq.*

33.     Pursuant to the ADA, discrimination is a "failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

34.     The ADA requires removal of architectural barriers in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv.) ("discrimination includes … a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, … where such removal is readily achievable"). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Barriers are defined by reference to the ADA Standards of Accessible Design ("ADAS"), found at 28 C.F.R., Part 36, including the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG") at Part 36, Appendix A.

35.     If removal of any barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also prohibited if these methods are readily achievable. 42 U.S.C. §

12182(b)(2)(A)(v).

36.     Plaintiff alleges that Defendants can easily remove the architectural barriers at their facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers because removal was readily achievable. There are companies in the area which can repaint parking areas for as little as $350. Defendants can afford such costs, which are a fraction of what Defendants receive in rental profits for such a large and expensive property.

37.     Alternatively, if it was not "readily achievable" for Defendants to remove barriers at their facilities, Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

38.     On information and belief, the facility was modified after January 26, 1992, mandating compliance access requirements under the ADA.

39.     The ADA requires that facilities altered in a manner that affects or could affect their usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. §12183(a)(2).

40.     Plaintiff alleges that Defendants altered the facilities at the Property in a manner that violated the ADA, and/or failed to make the Property readily accessible to physically disabled persons, including Plaintiff, to the maximum extent feasible.

41.     The ADA also requires reasonable modifications in policies, practices,

COMPLAINT

or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

42.    Plaintiff alleges that Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Property when these modifications were necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations.

43.    Plaintiff seeks a finding from this Court that Defendants violated the ADA, so that Plaintiff may pursue damages under California's Unruh Civil Rights Act for Disable Persons Act.

44.    Here Defendants' failure to make sure that accessible facilities were available and ready to be used by the Plaintiff was/is a violation of law.

45.    Plaintiff would like to continue to frequent Defendants' property because it is close to his home. However, Plaintiff is deterred from doing so because Plaintiff has been discriminated against and is aware of accessibility barriers at the Property.

46.    Among the remedies sought, Plaintiff seeks an injunction order requiring compliance with state and federal access laws, and remediation of all the existing access violations at the Property.

## V. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH ACT

## (Cal. Civ. Code § 51-53.)

(Against All Defendants)

47.     Plaintiff repleads and incorporates by reference, as though fully set forth herein, the allegations contained in all prior paragraphs of this complaint.

48.     California Civil Code § 51 states, in part: "All persons within the jurisdictions of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

49.     California Civil Code § 51 also states, in part: "No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person."

50.     California Civil Code § 51(f) specifically incorporates, by reference, an individual's rights under the ADA, into the Unruh Civil Rights Act. ("Unruh Act").

51.     The Unruh Act also provides that a violation of the ADA, or California state accessibility regulations, is a violation of the Unruh Act Cal. Civ. Code § 51(f); *Arnold v. United Artists Theatre Circuit, Inc.*, 866 F. Supp. 433, 439 (N.D. Cal. 1994).

52.     Defendants' above-mentioned acts and omissions have violated the

Unruh Act by denying Plaintiff his rights to full and equal use of the accommodations, advantages, facilities, privileges, and services they offer, on the basis of Plaintiff's disability.

53.     Defendants' above-mentioned acts and omissions have also violated the Unruh Act by denying Plaintiff his rights to equal access pursuant to the ADA; and, thus, Defendants are liable for damages. Cal. Civ. Code § 51(f), 52(a).

54.     Because violation of the Unruh Act resulted in difficulty, discomfort, and/or embarrassment for Plaintiff, the Defendants are each also responsible for statutory damages, such as a civil penalty. Cal. Civ. Code § 55.56(a)(c).

55.     Plaintiff was actually damaged.

//

//

//

//

//

//

//

//

//

//

//

COMPLAINT

56.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.  For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Person Acts.

2.  Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 per each offense.

3.  Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205, and Cal. Civ. Code § 52.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED: November 25, 2020    **THE LAW OFFICE OF HAKIMI & SHAHRIARI**

By:    /s/ Peter Shahriari, Esq.
PETER SHAHRIARI, ESQ.
Attorney for Plaintiff, Phillip Walker

COMPLAINT